IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jean Stroud Sanders, | ) | |
| | ) | CA No. 0:10-3130-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Jean Stroud Sanders (Sanders), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 14.)[1] The Report recommends affirming the decision of the Commissioner to deny DIB. The court adopts the Report and affirms the denial of DIB.

**I.**

Plaintiff filed an application for DIB on October 4, 2006, alleging that she became disabled as of December 23, 2005 due to a host of severe impairments, including osteoarthritis of

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

the knees; status post-total right knee replacement; right shoulder discomfort; status post-surgical fixation; visual difficulties; status post-bilateral cataract corrective surgery; diabetes mellitus with neuropathy of the toes; and non-severe impairments, including alcohol abuse in remission; hypertension; obesity; status post laparoscopic gastric banding; residuals of cerebrovascular accident; mild cardiomegaly; great saphenous vein reflux; depression; and anxiety. Her DIB application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on January 15, 2010. On October 21, 2010, the ALJ issued a decision denying Sanders' DIB claim. Sanders requested a review of the ALJ's decision, which was denied by the Appeals Council[2], thereby making the ALJ's determination the final decision of the Commissioner.

Sanders then filed this action on December 9, 2010. The magistrate judge filed the Report on January 17, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 26.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Sanders timely filed objections to the Report on February 3, 2012. (Dkt. No. 27.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard

---

[2] The court notes that Sanders submitted additional evidence for consideration by the Appeals Council.

precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

Sanders raises two objections to the Report. First, she objects to the ALJ's review of the medical opinion evidence and alleges that the ALJ ignored medical evidence that suggested she was in fact impaired. Additionally, she submits that the Appeals Council should have remanded the case back to the ALJ for reconsideration upon her submission of additional evidence. The court finds both of these objections unpersuasive.

### A.

First, the court adopts the recommendation of the magistrate judge to find that the ALJ properly considered the medical opinion evidence. The ALJ thoroughly and properly reviewed the claimant's impairments and medical evidence pertaining thereto.

As the Report noted, the SSA accords significant weight to opinions of treating medical providers because they are best able to provide "a detailed, longitudinal picture" of the claimant's alleged disability. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, this rule "does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Furthermore, in the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to a medical provider's opinion, especially if that opinion is "not supported by clinical evidence *or if it is inconsistent with other substantial evidence*," in which case that opinion "should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (emphasis added).

Here, both the ALJ's decision and the Report identify and acknowledge each of the claimant's impairments. However, the decision by the ALJ to deny DIB is based upon the *impact* these impairments have on the claimant's capability for work. The medical record supports the ALJ's findings that despite the claimant's several impairments, she maintains a capability to perform light work. In finding that the claimant maintained a residual functional capacity for light work, the ALJ stated that the claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." As the ALJ noted, the claimant is active in all activities of daily living, including running her household independently, and the record shows that her daily activities do not support her allegations of disability. In essence, the ALJ, in reviewing the record and the live testimony at the hearing found the claimant's "allegations unpersuasive and incredible." The ALJ's decision to discount

the medical opinion evidence in the face of the other persuasive and contrary evidence in the record is supported by substantial evidence.

Furthermore, the claimant is essentially asking this court to improperly weigh the underlying evidence and discount the ALJ's determination. That this court will not do. *See Mastro* 270 F.3d at 178 (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency). As the Report noted, "the ALJ's decision is comfortably within the bounds of substantial evidence." *See* 20 C.F.R. § 404.1527(d)(2) (stating that a medical opinion has controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in [the] record*") (emphasis added). The court therefore adopts the recommendation of the magistrate judge.

**B.**

Turning now to Sanders' second objection, she states that ALJ's decision is not supported by substantial evidence in light of the new evidence submitted to the Appeals Council. The court likewise finds this objection unpersuasive because, even in the face of the additional evidence, the ALJ's decision is supported by substantial evidence.[3]

As the Report noted, the additional evidence is largely duplicative—in the case of Dr. Clark's new letter—or non-material—in the case of evidence submitted by Dr. Lee. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 – 96 (4th Cir. 1991) (en banc) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) (stating that additional evidence must be new, material, and relate to the period on or before the ALJ's decision; also stating that evidence

---

[3] The court notes that this objection is merely a reiteration of the same argument made to the magistrate judge.

is not new if it is duplicative or cumulative); *see id.* at 96 ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). Here, as noted by the Report, the "new" evidence would not have changed the outcome of the ALJ's determination.

The claimant points to a recent Fourth Circuit case, *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) to support of her contention. However, in *Meyer*, the Fourth Circuit largely based its decision on the fact that the neither the ALJ nor the Appeals Council had considered or analyzed the new evidence. *Id.* at 707. ("No fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting or supporting evidence in the record."). However, here, the alleged "new" evidence submitted by the claimant to the Appeals Council is merely a duplicate of that previously considered or non-material. Meyer, therefore, does not support the claimant's position. Accordingly, as noted by Report, "the additional evidence submitted to the Appeals Council . . . does not raise a question as to whether the ALJ's opinion is supported by substantial evidence."

## IV.

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Sanders' impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Sanders' arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Sanders has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by

the magistrate judge. The court adopts the Report and its recommended disposition. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Sanders was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

After a thorough review of the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the magistrate judge and incorporates it here by reference. Sanders' objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
March 9, 2012